IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON JOHNSON,** | ) | **CASE NO. 4:09CV2566** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN A. POLSTER** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **ED BANKS, WARDEN** | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Brandon Johnson ("Johnson"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Johnson*, Columbiana County Court of Common Pleas Case No. 04CR235. Johnson filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 15, 2009.[1] On March 19, 2010, Warden Ed Banks ("Respondent") filed a Motion to Dismiss. (Doc. No. 8.) Johnson filed his Opposition/Traverse on April 14, 2010. (Doc. No. 9.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Johnson's Petition be dismissed as time-barred.

## I. Procedural History

### A. Conviction

On September 23, 2004, a Columbiana County jury indicted Johnson on two counts of aggravated murder pursuant to Ohio Revised Code ("O.R.C.") § 2903.01(A). (Doc. No. 8, Exh. 1.) On September 29, 2005, Johnson pled guilty to one count of murder (O.R.C. § 2903.02(A))

---

[1] Johnson's Petition was filed on October 29, 2009, however, for purposes of this opinion, the Court will consider October 15, 2009, the date on which the Petition was signed and could have been submitted to the mail room, as the "filing date." The Respondent also adopts this approach in his motion to dismiss.

and one count of involuntary manslaughter (O.R.C. § 2903.04(A)).  The trial court immediately sentenced him to serve consecutive terms of fifteen years to life for murder and three years for involuntary manslaughter.  (Doc. No. 8, Exh. 4.)  The trial court issued two documents that Johnson acknowledged reading prior to his plea and sentencing.  The first, titled "Judicial Advice to Defendant," explained in detail the applicable penalties, the rights he was waiving, and the ramifications of his plea.  (Doc. No. 8, Exh. 2.)  Johnson then completed and signed a form titled "Defendant's Response to Court," wherein he answered nineteen questions confirming that he read the "Judicial Advice to Defendant" document and understood all of the information contained therein.  (Doc. No. 8, Exh. 3.)

### B.  Direct Appeal

Johnson did not appeal his conviction to the Seventh District Court of Appeals ("state appellate court").  Instead, more than fifteen months after his sentencing, on January 8, 2007, Johnson filed a *pro se* motion to vacate his conviction, arguing it was a "void judgment" per the Ohio Revised Code and the Uniform Commercial Code.  (Doc. No. 8, Exh. 5.)  The trial court denied this motion on January 17, 2007.  (Doc. No. 8, Exh. 6.)

On July 7, 2008, Johnson filed a *pro se* motion to withdraw his guilty plea, claiming that the indictment was defective.  (Doc. No. 8, Exh. 7.)  He also filed a brief, arguing that his plea was invalid due to various deficiencies in his counsel's performance.  (Doc. No. 8, Exh. 8.)  On August 4, 2008, the trial court denied Johnson's motion to vacate his conviction.  (Doc. No. 8, Exh. 9.)  The trial court issued a second judgment entry on August 11, 2008, denying Johnson's motion to withdraw his plea.  (Doc. No. 8, Exh. 10.)

On August 28, 2008, Johnson, *pro se*, for the first time, filed an appeal with the state appellate court asserting three grounds for relief:

1. Trial court's denial of motion to withdraw plea of guilty.
2. Ineffective Counsel
3. Defective Indictment.

(Doc. No. 8, Exh. 12.)  On October 1, 2009, the state appellate court issued an opinion denying the appeal.  (Doc. No. 8, Exh. 15.)

On November 5, 2009, Johnson, *pro se*, filed a notice of appeal with the Ohio Supreme

Court. (Doc. No. 8, Exh. 16.) Johnson's memorandum in support of jurisdiction set forth the following propositions of law:

1. Denial of motion to withdraw guilty plea.

2. Counsel was ineffective.

3. Denied my right to a fair trial and free of prosecution misconduct, just to secure a conviction.

4. Unlawful indictment and multiple punishment and unlawful punishment, sentence contrary to law.

(Doc. No. 8, Exh. 17.) On February 10, 2010, Johnson's appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 8, Exh. 18.)

### C. Federal Habeas Petition

On October 29, 2009, Johnson filed the instant Petition asserting three grounds for relief:

**Ground One**: Denial of motion to withdrawl [sic] guilty plea.

**Supporting Facts**: Because the facts at hand will show that had I known of the evidence prosecution had secreted [sic], I'd not of [sic] plead guilty, nor had commit the offense, mainly due to unlawful charges.

**Ground Two**: Denial of effective assistance of counsel.

**Supporting Facts**: For "pushing" me by lies into a guilty plea failing to object to unlawful and failure to file appealable [sic] actions, or defeud [sic] me.

**Ground Three**: Denied my right to a fair trial and freedom of prosecution misconduct.

**Supporting Facts**: Due to secreting evid [sic], unlawful indictment, charges, sentence, force of plea.

(Doc. No. 1.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because Johnson filed his habeas petition after the effective date of the Act. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the

>  judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

### A. Review, § 2244(d)(1)(A)

Respondent asserts that Johnson's Petition is time-barred because it was not filed within the one-year limitations period. Respondent argues that Johnson's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on October 31, 2005, when the 30-day period for filing a direct appeal from his plea and sentence expired.[2] From that date, Johnson had one year, or until October 31, 2006, to timely file his petition. He did not do so until October 15, 2009. Therefore, absent an alternate beginning date for the period of limitations, or the applicability of tolling provisions, Johnson's Petition is untimely.

### B. Impediment, § 2244(d)(1)(B)

Johnson, in his Traverse, states, without explanation, that he never had a chance to timely appeal and that his counsel "lacked interest" in assisting him. (Doc. No. 9 at 1.) Upon review of the record, the Court notes that Johnson was advised by the trial court that by pleading guilty he surrendered "any right, now or later on, to challenge anything that took place before your plea of

---

[2] Thirty days from September 29, 2005 would be Saturday, October 29, 2005. Therefore, the deadline for filing the direct appeal was Monday, October 31, 2005,

4

Guilty is accepted." (Doc. No. 8, Exh. 2 at 4.)  Further, when Johnson was asked by the trial court in a written questionnaire "[d]o you fully realize that, by your offer to plead guilty, you surrender the right to challenge everything that happened before you offered to plead guilty," he responded in writing "Yes." (Doc. No. 8, Exh 3 at 7.)  The Court does not have before it the sentencing transcript to verify whether Johnson was specifically advised of his right to appeal by either the court or his attorney.  Having said that, however, Johnson has not argued that he was unaware of his appellate rights.

The Sixth Circuit has held that a state court's failure to advise a petitioner of his appellate rights at sentencing is not a state-created impediment that prevents him from filing a federal habeas petition.  *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) ("Although [failing to give notice of his appeal rights at sentencing and not timely appointing counsel to perfect a belated appeal] may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the action prevented him from filing his federal habeas corpus petition until 2001.")  Johnson alleges constitutional violations, but he does not explain how these actions prevented him from filing his federal habeas corpus petition until 2009.  In light of the foregoing, Johnson is not entitled to a delayed calculation of the statute of limitations under § 2244(d)(1)(B).

### C.  Factual Predicate, § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the Sixth Circuit stated: "The proper task in a case [in which a petitioner was not advised of his appellate rights by the state court] is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal.]" *DiCenzi v. Rose*, 419 F.3d 493, 470 (6th Cir. 2005).  The question of due diligence is fact-specific and depends on various considerations such as the petitioner's post-conviction conversations with his lawyer and the conditions of his confinement after sentencing.  *Id*. at 471.  The *DiCenzi* Court also clarified that "the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.* (*citing Lott v. Coyle*, 261 F.3d 594, 605-606 (6th Cir. 2001)).

In *DiCenzi*, the district court briefly addressed the petitioner's diligence noting that he filed his habeas petition four years after his conviction became final, that he "apparently took no action" for a long period of time, and that he could have asked the public defender or a court about his appellate rights at any time but did not do so. *Id*. at 470-471. The Sixth Circuit remanded the matter and ordered the district court to conduct an analysis of DiCenzi's diligence. *Id*. at 472.

Here, Johnson fails to specifically argue that he was not informed of his appellate rights. He does, however, argue that his counsel lacked interest in helping him. (Doc. No. 9 at 1.) Johnson never attempted to file an application for a delayed appeal nor did he make any effort to attack his plea for more than fifteen months. He has not provided the Court with any meaningful argument that the statute of limitations should be extended beyond the original twelve-month period beginning October 31, 2005.

### D. Calculation of Statute

Johnson's motions for withdrawal of his guilty plea did not revive the statute of limitations, as the first motion filed on January 8, 2007, was beyond the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (While a duly filed motion or petition for collateral review of post-conviction relief can toll the statute of limitations under § 2244(d)(2), it does not revive or "restart the clock," for an already expired statute of limitations period.) Thus, the period of limitations to file his federal habeas petition began running on October 31, 2005, and ran uninterrupted through October 31, 2006. Johnson's federal petition, filed on October 15, 2009, is untimely.

### E. Equitable Tolling

The Court may apply the doctrine of equitable tolling, which preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.

Failure to file a habeas petition within the period prescribed by § 2244(d)(1)(A)-(D) is not jurisdictional, and is subject to equitable tolling. *See Allen v. Yukins*, 366 396, 401 (6th Cir. 2004) *cert. denied*, 543 U.S. 865 (2004). To benefit from equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance

6

stood in his way. *Lawrence v. Florida*, 549 U.S. 327 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursed his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453 (1990). However, "[w]e have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Id., cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

The Sixth Circuit has found equitable tolling to be appropriate in two circumstances: (1) when a petitioner makes a credible showing of actual innocence;[3] and (2) under the test established in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (2001); *see also Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). The *Dunlap* test consists of five factors: (1) a petitioner's lack of notice of the filing requirement; (2) a petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) a petitioner's reasonableness in remaining ignorant of the legal consequences for filing his claim. *Dunlap*, 250 F.3d at 1008 (*citing Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988)). "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). The Sixth Circuit has also emphasized that "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Id.*

The Sixth Circuit has held that the state court's failure to advise a petitioner of his appellate rights does not alone justify equitable tolling. *Miller v. Cason*, 49 F.3d. Appx. 495, 497 (6th Cir. 2002). As noted in *Miller*, the state court's failure to notify a petitioner of his appellate rights "may have interfered with [the petitioner's] direct appeal in state court . . . but

---

[3]Johnson has made no claim of actual innocence.

7

[he] has failed to explain how the actions prevented him from filing his federal habeas petition." *Id*; *see also Santiago v. Hurley*, 2:05CV560, 2006 WL 3196295 at \*6 (S.D. Ohio Nov. 2, 2006). Insufficient legal advice is not enough to support equitable tolling in the Sixth Circuit. *See Jurado v. Burt*, 337 F.3d 638, 644-645 (6th Cir. 2003); *see also Miller v. Jeffreys*, 2006 WL 3469638, at \*6-7, Case No. 3:05CV1989 (N.D. Ohio Nov. 30, 2006) (summarizing cases denying equitable tolling despite attorney errors).

Furthermore, lack of knowledge of applicable law, including the AEDPA, is not sufficient to justify equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (*citing Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Likewise, the fact that the petitioner is acting *pro se* and is ignorant of applicable procedures is not "an excuse for prolonged inattention when a statute's clear policy calls for promptness. . . ." *Johnson v. U.S.*, 544 U.S. 295, 311 (2005).

Johnson does not address the reason he failed to file a timely federal habeas petition. He believes the Court should review the Petition in order to prevent a miscarriage of justice as he did not have the opportunity to have appellate review. (Doc. No. 9 at 2.) Yet he has never filed an application for a delayed appeal, nor did he make any effort to attack his plea for over fifteen months. Equitable tolling is not applicable to Johnson's Petition.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends that Johnson's Petition be dismissed.

                                                      s/ Greg White
                                                  United States Magistrate Judge

Dated: May 27, 2010

### OBJECTIONS

**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**