**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRANDON JOHNSON,** | ) | **Case No. 4:09 CV 2566** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ED BANKS, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

Before the Court is the Report and Recommendation ("R & R") of Magistrate

Judge Greg White issued on May 27, 2010 (**Doc #: 10**).  Pursuant to 28 U.S.C. §2254, Petitioner

Brandon Johnson has filed a Petition for Writ of Habeas Corpus seeking relief from a September

29, 2005 conviction, imposed after a guilty plea, which resulted in consecutive prison sentences

of fifteen years to life for murder and three years for involuntary manslaughter.  Johnson asserts

three grounds for relief: denial of motion to withdraw guilty plea, denial of effective assistance

of counsel, and denial of right to a fair trial and freedom of prosecution misconduct.  (Doc #: 1 at

4-6.)

The Magistrate Judge recommends that Johnson's petition be denied as time-

barred.  The one-year statute of limitations established by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, expired October 31, 2006, yet Johnson did

not file his petition until October 15, 2009, almost three years later.  While Johnson argues that

his untimely filing should be excused, the Magistrate Judge concluded that Johnson's right to

appeal was not impeded by the State, and that Johnson failed to act with reasonable diligence to

support a claim of discovery of factual predicate or equitable tolling.

Under the relevant statute:

> Within *ten days* after being served with a copy, any party may
> serve and file written objections to such proposed findings and
> recommendations as provided by rules of court.  A judge of the
> court shall make a <u>de novo</u> determination of those portions of the
> report or specified proposed findings or recommendations to which
> the objection is made.

28 U.S.C. §636(b)(1)(C)(1988)(emphasis added).  Here, more than ten days have elapsed since

the R & R was issued, and Johnson has neither filed an objection nor a request for an extension

to file an objection.

The failure to timely file written objections to a Magistrate Judge's R & R

constitutes a waiver of a <u>de novo</u> determination by the district court of an issue covered in the

report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's R & R.

Respondent's motion to dismiss is therefore **GRANTED** and the underlying Petition for Writ of

Habeas Corpus is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster        July 8, 2010*
**Dan Aaron Polster**
**United States District Judge**


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

-2-